## FITZPATRICK v. BROWN.

No. 2323.   Decided June 5, 1912 (124 Pac. 769).

APPEAL AND ERROR—REVIEW—MOOT QUESTION. Where, in a suit to quiet title, defendant filed a counterclaim to quiet title to certain land by a specified description, disclaiming any interest in the land described in the complaint, and the court adjudged that plaintiff was the owner of the lands described in the complaint, but described it by metes and bounds, and that defendant was the owner of the lands described in the counterclaim, which was also described by metes and bounds, and defendant did not claim that he was not awarded all the land described in his counterclaim, or that plaintiff was given any land in which he had any interest, or that the land described in the counterclaim was different than that awarded to him by the court, an appeal, based only on the theory that the court commenced its description at the southwest instead of the northwest corner of the lot, as described in the complaint, involved a moot question only, and was unsustainable.

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by Ellen Fitzpatrick against Aaron A. Brown.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*J. M. Thomas* for appellant.

*Geo. W. Moyer* for respondent.

STRAUP, J.

The plaintiff brought this action to quiet title to a parcel of land described in the complaint, "commencing 5 rods south from the northwest corner of lot 4, block 20, plat A, Salt Lake City survey, thence east 10 rods, thence south 5½ rods, thence west 2½ rods, thence north 3 rods, thence west 7½ rods, thence north 2½ rods to beginning," and alleged that the defendant claimed an interest therein "consisting of a strip about 4 feet in width along the south side thereof." The defendant filed an answer, disclaiming any interest in the land or the strip described in the complaint, and filed a counterclaim to quiet title to a parcel of land described as "commencing at a point 7½ rods south from the northwest corner of lot 4, block 20, plat A, Salt Lake City survey, thence east 7½ rods, thence south 3 rods, thence west 7½ rods, thence north 3 rods to place of beginning," and further alleged that the plaintiff claimed an interest therein "consisting of a strip of land about 4 feet in width along the north side thereof."

From these descriptions it is seen that the north boundary line of the defendant's land is the south boundary line of the plaintiff's west 7½ rods. From the evidence we gather that that line was in dispute. The plaintiff claimed it to be as shown by an old fence line maintained and acquiesced in for many years as and for the boundary line between the two parcels; the defendant, as shown by what is known as the Doremus survey. The court did not find whether the boundary line was as shown by the old fence or by the survey, nor were any findings made with respect thereto. The court found and adjudged that the plaintiff was the owner, and entitled to the possession, of the lands and amount thereof described in the complaint, but described it as "commencing at a point 202.35 feet north of the southwest corner of lot 4, block 20, plat A, Salt Lake City survey, and running thence east 7½ rods, thence south 3 rods, thence east 2½ rods, thence north 5½ rods, thence west 10 rods, thence south 2½ rods to the place of beginning." The court also found and adjudged that the defendant was the owner, and entitled to the

possession, of the lands and the amount thereof described in the counterclaim, but described it as "commencing 152.85 feet north of the southwest corner of lot 4, block 20, plat A, Salt Lake City survey, and running thence east $7\frac{1}{2}$ rods, thence north 3 rods, thence west $7\frac{1}{2}$ rods, thence south 3 rods to the place of beginning." The court quieted the title of the respective parcels so described in the plaintiff and defendant, and barred and estopped each from claiming or asserting any right, title, or interest in or to that of the other.

It is seen that the descriptions of the lands in the complaint and counterclaim commence at the northwest corner of lot 4 and that the descriptions in the findings and judgment commence at the southwest corner of lot 4. The defendant appeals and complains of the findings and judgment. He does not complain that he was not awarded all the land described in his counterclaim, or that the plaintiff was given any land claimed by him, or in or to which he had any interest; nor does he contend or claim that the land as described in the counterclaim is in any respect other than or different from the land as described by the court in the findings and judgment and which was awarded to him. The only claim made is that the court in describing the respective parcels ought to have commenced the description at the northwest, instead of the southwest, corner of the lot. But the pertinent matter in hand is not the manner or kind of description, but the thing, the land, described. The amount of land described by the court in the findings and the judgment, and which was awarded to the defendant, is the same amount as is described in the counterclaim. That is apparent by a comparison of the two descriptions. The plaintiff, therefore, was awarded the amount of land described in her complaint, and no more, and the defendant the amount of land described in his counterclaim, and no less, 3 rods by $7\frac{1}{2}$ rods. That is all he claimed, and that the court gave him.

We of course know that the defendant was awarded 3 by $7\frac{1}{2}$ rods of ground, commencing 152.85 feet north of the southwest corner of lot 4. But it is not made to appear whether by such a description the north boundary line of the

defendant's land and the south boundary line of the plaintiff's land is fixed as shown by the old fence line, or as shown by the survey. No claim with respect to such a question is made or presented for review; and since it is not claimed that the 3 by $7\frac{1}{2}$ rods described in the findings and awarded to the defendant are not the 3 by $7\frac{1}{2}$ rods described in the counterclaim and claimed by him, nor that the plaintiff was given any land which is claimed by the defendant, or in or to which he claims any interest or title, we see no merit to this appeal. We see no merit or pertinency to the only claim which is made, that the court in describing the respective parcels ought to have commenced the description at the northwest, instead of the southwest, corner of the lot, when no further claim is made that by starting at the different points a different result is reached, or different lands are described, or that the description which is made erroneously or incorrectly describes the land claimed by the defendant, or does not award to him all that is claimed by him.

We think the judgment ought to be affirmed, with costs. Such is the order.

FRICK, C. J., and McCARTY, J., concur.